**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810      Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
Anngelica N. Davis, #033261
admin@wb-law.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Thomas Horne and Kathleen Winn,** | **Case No.:** _____ |
| **Plaintiffs,** | **COMPLAINT** |
| **vs.** | |
| **Sheila Sullivan Polk, in her official capacity as the Yavapai County Attorney,** | **(CIVIL RIGHTS VIOLATION INCLUDING VIOLATION OF 42 U.S.C. 1983)** |
| **Defendant.** | |

Plaintiffs through undersigned counsel, allege as follows:

### THE PARTIES

1.     Plaintiff Thomas Horne is a resident of Maricopa County.

2.     Plaintiff Kathleen Winn is a resident of Maricopa County.

3.     Defendant Sheila Sullivan Polk, was at all times relevant to this complaint, the Yavapai County Attorney.

. . .

. . .

**JURISDICTION AND VENUE**

4.     This action arises under the Constitution of the United States, Amendments 5 and 14.

5.     This Court has jurisdiction under 28 USC 2201, 2202, 1331, 1343 and 42 USC 1983.

6.     Venue is proper in this district under 28 USC 1391(b).

**GENERAL ALLEGATIONS**

7.     Defendant has denied Plaintiffs property without due process of law, in violation of the United States Constitution amendments 5, and 14, and 42 USC 1983.

8.     Defendant brought an action against Plaintiffs, alleging that they had coordinated an independent campaign in Tom Horne's election as Attorney General in 2010, with Tom Horne.  Defendant issued an order that the campaign amend its financial reports, and repay donors approximately $396,000, or if that amount were not paid within 20 days, that Tom Horne and Kathleen Winn, as individuals, would be liable to the state for three times that amount, or approximately $1.2 million.

9.     Horne and Winn and the two campaigns appealed this Order to an Administrative Law Judge, who found in favor of Horne and Winn, and against the Yavapai County Attorney.

10.     The Yavapai County Attorney, acting under color of State power, overruled the decision of the Administered Law Judge, and reinstated the original order.

11.     In a Response Brief at the Arizona Court of Appeals, the Yavapai County Attorney admitted the following:

> "Admittedly, the Yavapai County Attorney was involved with
> the prosecution of the case, by assisting with the preparation
> and strategy."

2

12.   Although, by her own admission, the Yavapai County Attorney had personally participated in advocacy in the adversary proceeding before the Administrative Law Judge, she also personally made the decision to overrule the Administrative Law Judge.

13.   In 27 cases in state and federal courts, the courts have unanimously held that if the same individual participates as an advocate in the proceeding before the Administrative Law Judge, and then makes the final decision reversing the Administrative Law Judge, that constitutes a denial of due process in violation of the 5th and 14th amendments to the United States Constitution.  There are no cases to the contrary.

The cases are:

*Comeau v. Ariz. State Bd. Of Dental Exam'rs,* 196 Ariz. 102, 108 ¶¶ 26-27, 993      P.2d 1066, 1072 (App. 1999)

*Rouse v Scottsdale Unified Sch. Dis.,* 156 Ariz. 369, 371, 374, 752 P.2d 22, 24, 27 (App. 1987).

*Taylor v Arizona Law Enforcement Merit System Council*, Ariz. 200, 731    P.2 95  (App. 1987)

*Hamilton v City of Mesa*, 185 Ariz, 420 916 P.2s 1136 (1995)

*Botsko v Da Venport Civil Rights Comm'n,* 774 N.W. 2d 841, 851 (Iowa      2009)

*Howitt v Superior Court,* 3 Cal. App. 4th 1575, 5 Cal. Rptr. 2d 196 (App.      1992)

*Nightlife Partners, Ltd. v City of Beverly Hills*, 108 Cal. App. 4th 81, 133     Cal.  Rptr.  2d 234 (App 2003)

*Annie Carr's Pub, Inc., b New York State Liquor Authority*, 194 A.D.2d 784,        599 N.Y.S.2d 617 (App. 1993)

*Osuagwu v Gila*, 938 F.Supp.2d 1142 (D. N.M. 2012)

*Wolff v McDonnell*, 418 U.S. 539, 572 n 20, 94 S. Ct. 2963, 41 L.Ed2d 935  (1974)

*Withrow v Larkin*, 421 U.S. 35 (1975)

*Ashmidt v Independent School District*, 349 N.W.2d 563 (Minn. App. 1984)

*Appeal of Trotzer*, 143 N.H. 64, 719 P.2d 584 (1998)

*Taylor v Arizona Law Enforcement Merit System Council*, Ariz. 200, 731 P.2 95 (App

1987)

*Oates v United States Postal Service, New York*, 444 F.Supp. 100    (S.D.N.Y.    1978)

*Lyness v Commonwealth*, 529 Pa. 535, 605 A.2d 1204 (Pa. S. Ct. 1992)

*Wong Yang Sung v McGrath*, 339 U.S. 33, 70 S. Ct. 445, 94 L. Ed. 616      (1950)

*Camero v United States,* 375 F.2d 777 (Ct. Cl. 1967)

*Davenport Pastures, LP v Morris County Bd.*, 238 P.3rd 731 (Kan. 2010)

*Hamilton v City of Mesa*, 185 Ariz. 420, 916 P.2d 1136 (1995)

*Newton Township Board of Supervisors v Great Media Radio Co.*, 138 Pa. Commonwealth, 157, 587 A.2d 841 (1991)

*Horn v Hilltown Township*, 461 Pa. 745, 337 A.2d 858 (1975)

*Nova Services, Inc. v Village of Saukville*, 211, Wis.12d 691, 585 N.W.2d   283 (1997)

*Matter of Robson*, 575 P.2d 771 (1978)

*Colorado Republican Federal Campaign Committee v Federal Election Com'n.,* 518 U.S. 604, 116 S.Ct 2309 (1996)

*State Commission on Human Relations v Kaydon Ring & Steal, Inc.*, 8149 Md. App. 666, 818 A.2d 259 (2003)

*Newman v Newman* 219 Ariz. 260, 271, 196 P.3d 963 (App. 2008)

14.    There are no cases to the contrary.

15.    Defendant has violated the civil rights of Plaintiff, specifically the 5th and 14th amendments to the U.S. Constitution, in violation of 42 USC 1983.

16.    In *Horne v. Polk*, 242 Arizona 226, 394 P 3rd 651, (May 25, 2017), the Arizona Supreme Court ruled as follows:

"These cases instruct that the combination of accusatory, advocacy, and adjudicative roles in a single agency official violates due process.

…

We hold that due process does not allow the same person to serve as an accuser, advocate, and final decision maker in an agency adjudication.

…

Specifically, we hold that when Polk also assumed an advocacy role during the ALJ proceedings, the due process guarantee prohibited her from then serving as the final adjudicator." (242 Arizona at 233, 234.)

17.    The Yavapai County attorney participated fully in the above referenced appeal, and is therefore collaterally estopped in this action from denying that the Yavapai County attorney violated the plaintiffs' due process constitutional and statutory rights.

18.    Following the decision by the Arizona Supreme Court, the matter was remanded to the Arizona Attorney General, who assigned it to the Cochise County attorney.  The Cochise County attorney reversed the decision of the Yavapai County attorney and reinstated the decision of the Administrative Law Judge.  The Cochise County attorney held:

"110. The FBI's inaccurate and misleading summary of the conversations with Mr. Tatham and subsequent inaccurate testimony regarding the same, calls into question the reliability of other hearsay statements offered. (FOF 50-55) The record, unfortunately, supports a conclusion that the investigation being conducted was not a search for the truth, but rather, only intended to shore up conclusions already drawn.

…

In the present matter, the ALJ found Winn and Horne to be credible in their testimony. This reviewer can find no substantial evidence to overturn those findings. Indeed, if anything, the record reveals further support for those determinations."

19.    The Yavapai County attorney participated fully in the procedure before the Cochise County attorney, and is collaterally estopped from denying the truth of the above quoted findings.

20.    Defendant, Polk acting on behalf of Yavapai County, violated the civil rights of claimants, specifically the 5th and 14th amendments to the U.S. Constitution, in violation of 42 USC 1983.

21.    Plaintiff Horne suffered special damages as result of this violation of his civil rights as follows:

Between 2001 and 2012, Horne had all of his liquid assets in common stocks, and his intention was to continue that indefinitely. After the initial Order by Polk's predecessor,

5

Montgomery, Horne had to be sure he could pay the $396,000 promptly if necessary to avoid liability of $1.2 million which he could not afford. Horne could no longer afford the risk of stocks, as he had to have sufficient assets, not subject to risk of loss, to pay any judgment that might be rendered. Consequently, on Oct. 12 2012, Horne sold all 34 stocks that he owned, for cash of $588,150. This was sufficient to pay $396,000 as part of the order, and also pay taxes resulting from the sale and the movement of assets out of his HR10 plan. Polk's subsequent order was that if the $396,000 was not paid in 20 days, there would be liability of $1.2 million. Any loss from investment risk, that made it impossible to pay the $396,000, under Polk's formula, would subject Horne to liability of $1.2 million, which he could not afford. This made it imperative that the $396,000 be kept in no risk money market or short term debt instruments. Had Polk not violated the parties' civil rights, the funds could have been reinvested in the stock market. Over the five years at issue, the stock market rose 57%, as measured by the S and P or other broad based marked gauges, causing Horne to lose $355,000 in gains he would have had, but for Polk's violations of the parties' civil rights.

22.    Plaintiff Horne suffered general damages, in damage to his reputation, in an amount far greater than his special damages.

23.    Plaintiff Winn suffered damages as follows: special damages attributed to her loss of income amounting to $100,000 per year for three years or $300,000 and general damages including damage to her reputation, in an amount far greater than her special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief: damages from the violation of their civil rights in the amount of their special damages as specified above, for general damages in a reasonable amount, for reasonable attorney's fees, for costs incurred, and for such other and further relief as the Court deems proper.



**DATED** this 29th day of January, 2018.

WILENCHIK & BARTNESS, P.C.

*/s/ John D. Wilenchik*
Dennis I. Wilenchik, Esq.
John D. Wilenchik, Esq.
Anngelica N. Davis, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona  85004
admin@wb-law.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial.

**DATED** this 29th day of January, 2018.

WILENCHIK & BARTNESS, P.C.

*/s/ John D. Wilenchik*
Dennis I. Wilenchik, Esq.
John D. Wilenchik, Esq.
Anngelica N. Davis, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona  85004
admin@wb-law.com
*Attorneys for Plaintiff*