**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Horne, et al., | ) | No. CV-18-08010-PCT-SPL |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sheila Sullivan Polk, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Thomas Horne and Kathleen Winn (the "Plaintiffs") filed suit against Yavapai County Attorney Sheila Polk (the "Defendant") alleging violations of their due process rights pursuant to 42 U.S.C. § 1983. (Doc. 1) The Defendant moved to dismiss the Plaintiffs' claims (Doc. 12), which the Court denied on February 26, 2019. (Doc. 20) The Plaintiff filed a motion for reconsideration (the "Motion") on March 11, 2019. (Doc. 21) For the reasons set forth below, the Motion is granted.

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly.") A motion for reconsideration will be granted only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change

in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Defendant requests for the Court to reconsider its prior Order (Doc. 20) because the Court incorrectly applied the standard for determining when the Plaintiffs' due process claim accrued. (Doc. 21 at 5) The Defendant argues that the Court incorrectly applied the standard for a malicious prosecution claim instead of the standard for a due process claim, which accrues at the time due process is denied. (Doc. 21 at 5) The basis for the Motion is derived from the Court's statement that " [i]t is well settled that a claim pursuant to 42 U.S.C. § 1983 brought on the basis of malicious prosecution does not accrue until criminal proceedings terminate in favor of the accused." (Doc. 20 at 8) In support of this statement, the Court followed it with a parenthetical stating that "the *Heck* precedent applies to all plaintiffs' civil rights claims, and the statute of limitations begins when the Arizona Supreme Court declines to review an appeal." (Doc. 20 at 8)

Federal law determines when a federal civil rights claim accrues. *Wallace v. Kato*, 549 U.S. 384 (2007) (stating "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the actual injury" that is the basis of the cause of action. *Wallace*, 549 U.S. at 384 (2007) (stating that accrual occurs when the plaintiff has a complete and present cause of action); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008); *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 318 (9th Cir. 1991) (stating the general rule for the accrual of 42 U.S.C. § 1983 claims is "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action."). In a § 1983 action for a substantive due process violation, the injury giving rise to the claim is complete when there is an abuse of power by an official acting under color of law that shocks the conscience. *Reiss v. Arizona Dep't of Child Safety*, 2018 WL 6067258, at 8 (D. Ariz. Nov. 20, 2018) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998)).

The Defendant argues that the Plaintiffs' due process claim accrued in May 2014 when the Defendant issued her final administrative decision. (Doc. 21 at 4) Alternatively, the Defendant argues that the Plaintiffs' claim accrued in February 2015 when the Defendant stated that she was involved in both the prosecution and adjudication of the case against the Plaintiffs. (Doc. 21 at 4) In response to the Motion, the Plaintiffs argued that the statute of limitations for their due process claims did not begin until the Plaintiffs' appeals of the Defendant's final administrative decision were completed because the Plaintiffs could not have moved forward with the present litigation until those appeals were fully complete. (Doc. 27 at 4; Doc. 15 at 14 – 17) In support of this argument, the Plaintiffs cited the *Heck* precedent to argue that a statute of limitations cannot begin to run until it is possible to file a lawsuit. (Doc. 15 at 14)

In *Heck v. Humphrey*, the Supreme Court of the United States held that a § 1983 claim for damages is not cognizable when the basis for the § 1983 claim calls into question the lawfulness of a conviction. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). The Supreme Court used malicious prosecution as an analogy and ultimately held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal." *Heck*, 512 U.S. at 487. Furthermore, "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* However, *Heck* applies only when there is an extant conviction. *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Wallace*, 549 U.S. at 393); *Devey v. City of Los Angeles*, 129 F. App'x 362, 364 (9th Cir. 2005) (stating that *Heck* tolling does not apply when a plaintiff does not face criminal charges); *Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781, 791 (6th Cir. 2016) (stating that *Heck* does not apply to cases that do not involve a criminal conviction).

It is undisputed that the Plaintiffs' claim arises out of the Defendant's involvement in their prosecution for violations of campaign finance laws. (Doc. 12 at 2) However, the

prosecution was administrative in nature, and the exclusive remedy for a violation of A.R.S. § 16-924 is civil penalties. *Pacion v. Thomas*, 236 P.3d 395, 396 (2010). Throughout their response to the motion to dismiss (Doc. 15), the Plaintiffs describe their claim as both one for "unconstitutional prosecution" and "for violation of due process." (Doc. 15 at 15) However, it is clear to the Court that the Plaintiffs are bringing their § 1983 claim on the basis of the Defendant's violation of their substantive due process rights. Therefore, the Court erred in applying the *Heck* precedent to determine when the Plaintiffs' § 1983 claim accrued.

The injury giving rise to a § 1983 claim is complete when there is an abuse of power by an official acting under color of law that shocks the conscience. *Cty. of Sacramento*, 523 U.S. at 846. Therefore, the Plaintiffs' § 1983 substantive due process claim would have accrued upon the Plaintiffs' knowledge of the deprivation of their constitutional interest. *Reiss*, 2018 WL 6067258 at 8 (citing *Cty. of Sacramento*, 523 U.S. at 834). The parties do not dispute that the applicable statute of limitations period for the Plaintiffs' § 1983 claim is two years. (Doc. 12 at 14; Doc. 15 at 15); *Normandeau v. City of Phoenix*, 516 F. Supp. 2d 1054, 1065 (D. Ariz. 2005) (stating that in Arizona, the statute of limitations for actions pursuant to 42 U.S.C. § 1983 is two years).

The Defendant argues that the Plaintiffs had knowledge of their injury on February 27, 2015, when the Defendant filed her answer brief to the Plaintiffs' appeal of her final decision before the Arizona Court of Appeals. (Doc. 12 at 15; Doc. 21 at 4) The Plaintiffs concede this fact in their response to the Defendant's motion to dismiss. (Doc. 15 at 2; Doc. 1 at 2–3) Separately, both parties also argue that, due to the administrative nature of the proceedings against the Plaintiffs, the Plaintiffs' cause of action did not accrue until the agency made a final decision. The Defendant argues that the final decision she made in May 2014 started the clock for statute of limitations purposes. (Doc. 21 at 4) The Plaintiffs argue that the statute of limitations period began in July 2017 when the Plaintiffs received a final judgment in their favor. (Doc. 15 at 15) Because the Court finds that *Heck* tolling does not apply in this case, the Court finds that the Plaintiffs became aware of the

Defendant's abuse of power by February 2015, at the latest, which is more than two years prior to the Plaintiffs' bringing their § 1983 claim. Therefore, the Court must find that the Plaintiffs' claim is time-barred because this action was initiated in January 2018, more than two years after the Plaintiffs had knowledge that their due process rights had been violated by the Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 21) is **granted**;

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 20) is **vacated**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 16th day of April, 2019.

Honorable Steven P. Logan
United States District Judge